UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| APRIL ALEXANDER and JOSEPH WALKER,<br>        Plaintiffs,<br><br>             v.<br><br>GENERAL INSURANCE COMPANY OF AMERICA,<br>        Defendant. | No. 3:16-cv-59 (SRU) |

### ORDER

On January 14, 2016, April Alexander and Joseph Walker ("plaintiffs") filed an action against their homeowner's insurance company, General Insurance Company of America ("General Insurance"), alleging various state law claims arising out of an insurance coverage dispute between the parties. Plaintiffs' allegations stem from the fact that General Insurance failed to provide coverage for the deterioration of the basement walls of plaintiffs' home. On July 7, 2016, I granted General Insurance's motion to dismiss (doc. # 21), and plaintiffs filed a motion for reconsideration (doc. # 23) on July 21, 2016.

For the reasons set forth below, I deny the motion for reconsideration.

**I.      Background**

April M. Alexander and Joseph Walker own and occupy the residential property at 23 Muddy Brook Road, Ellington, Connecticut. The residence was constructed in 1984 and has been insured by General Insurance since Alexander purchased the property in July 2013.

In May of 2015, plaintiffs discovered—through their realtor—a series of horizontal and vertical cracks in their basement walls. Upon further inquiry, plaintiffs discovered that the form of "pattern cracking" found in the basement walls of their home was caused by a chemical

compound found in walls constructed in the late 1980s and the early 1990s with concrete most likely from the J.J. Mottes Concrete Company. The result of the condition is that the home's walls are in danger of falling in, which would then cause the entire home to fall into the basement.

In June 2015, plaintiffs notified General Insurance of the defect in their basement walls and made a claim for coverage in accordance with the terms of their insurance policy. That same month, General Insurance denied plaintiffs' claim for coverage.

The parties agree that the policy would only cover the condition if it put the home in a state of "collapse," as defined by the policy. Under the policy's definition, a "collapse" is "an abrupt falling down or caving in of a building or any part of a building . . . ." Exhibit A at 14 (doc. # 1-1). Furthermore, the policy states that a "building or any part of a building that is standing is not considered to be in a state of collapse even if it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion." *Id.*

On July 7, 2016, I granted General Insurance's motion to dismiss on the ground that the policy's language expressly excludes coverage for cracking in the basement walls. I held that the policy's definition of "collapse" was unambiguous and expressly did not cover the alleged "cracking" and/or "bulging" of the plaintiffs' basement walls. On July 21, 2016, plaintiffs' filed a motion for reconsideration in which they set forth substantially the same arguments they raised at oral argument on the motion to dismiss.

**II.    Standard of Review**

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

The primary function of a motion for reconsideration "is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876 (D. Conn. 1993), *aff'd*, 33 F.3d 50 (2d Cir. 1994). A court is permitted to reconsider its ruling if such ruling overlooked controlling data or law that, had it been considered, would have altered the court's conclusion. *Shrader*, 70 F.3d at 257.

**III.    Discussion**

Plaintiffs have failed to meet the high bar that would justify reconsideration of my prior ruling. Plaintiffs have not identified any controlling decision that I overlooked, any new evidence that would affect my prior ruling, or any clear error or manifest injustice in need of correction. Rather, plaintiffs' motion merely attempts to relitigate arguments that were considered and rejected on oral argument on the motion to dismiss. To the extent that plaintiffs raise new arguments, such arguments are without merit and not supported by controlling authority. Accordingly, the motion for reconsideration must be denied.

Plaintiffs' motion for reconsideration raises four issues. For the purposes of the motion for reconsideration, however, I will only address the first issue: whether a "collapse," as defined by the policy, occurred. I need not address plaintiffs' additional arguments because they do not alter the conclusion—which I decline to reconsider—that General Insurance is not bound to cover the alleged damage to plaintiffs' home because no "collapse" occurred.

Plaintiffs seek to have me reconsider my ruling that the policy's definition of "collapse" is ambiguous. In support of their argument, plaintiffs cite noncontrolling case law—most of which I have already considered and rejected as either not on point or unpersuasive. *See* 7/7/2016 Motion Hr'g Tr. ("Tr") at 8-10, 16 (doc. # 22).

Plaintiffs' additional cited cases do not point to controlling authority nor do they identify any cause for me to reconsider my prior ruling because they do not add to plaintiffs' arguments I considered at oral argument. Tr. at 11-18. At oral argument, plaintiffs' attempted to argue that the disjunctive use of the terms "falling down" and "caving in" established that there must be something less than a complete falling down. Tr. at 3. I noted that I did not disagree with that proposition. *Id.* Rather, I held that plaintiffs' failed to allege that either a falling down *or* caving in had occurred. Tr. at 17-18. At one point, plaintiffs' counsel even admitted that the policy had been written to expressly exclude what had occurred. Tr. at 15.

Plaintiffs cannot avoid the fact that their basement walls are still standing. The only allegations of impairment to the structural integrity of the walls are allegations that the walls are "cracking" or—alleged at oral argument—that they are "bulging." Both conditions are expressly excluded under the definition of the policy and it is clear that no collapse has occurred. *See Sports Domain, LLC v. Max Specialty Ins. Co.*, 2011 WL 6989864, at *2 (Conn. Super. Ct. Dec. 19, 2011) (sagging roof not "collapse" because "sagging" was explicitly excluded in definition of

4

collapse); *Squairs v. Safeco Nat. Ins. Co.*, 136 A.D.3d 1393, 1394 (N.Y. App. Div.), *leave to appeal denied*, 27 N.Y.3d 907 (2016) (no collapse occurred if no abrupt falling down or caving in occurred; state of "imminent collapse" is not "collapse"); *Miller v. First Liberty Ins. Corp.*, 2008 WL 2468605, at *4 (E.D. Pa. June 17, 2008) (no collapse when "no evidence of a sudden and entire falling down or caving in of a building or any part of a building"); *Rector St. Food Enterprises, Ltd. v. Fire & Cas. Ins. Co. of Connecticut*, 35 A.D.3d 177, 178 (2006) ("two- to three-inch-wide cracks in its facade . . . sinking, out of plumb, and leaning" do not constitute "abrupt collapse").  Plaintiffs' have not cited to controlling authority or additional evidence that would cause met to reconsider such ruling.

**IV.     Conclusion**

In sum, plaintiffs have not presented any evidence or controlling case law that would cause me to reconsider my prior decision, nor have they identified manifest injustice in need of correcting.  For the foregoing reasons, plaintiffs' motion for reconsideration (doc. # 23) is denied.

So ordered.

Dated at Bridgeport, Connecticut, this 17th day of January 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
